# Slobig's Appeal.

The mere fact that partnership accounts are irregular and vague, and that the evidence relating to them is very obscure, will not necessarily preclude the court from granting a provisional injunction restraining interference with the partnership assets, and decreeing an accounting in accordance with the prayer of a bill filed by one of the partners.

(Decided May 3, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Schuylkill County in equity. Affirmed.

William N. Baker filed the bill in this case against Benjamin M. Slobig, alleging that plaintiff and defendant entered into a copartnership January 1, 1875, under the firm name of W. N. Baker & Company, for the purpose of buying produce and merchandise in Union and adjoining counties; these goods to be shipped to Schuylkill county and there sold. The plaintiff did the purchasing and the defendant sold the goods.

The partnership was a verbal one. The profits were to be equally divided.

The copartnership continued until January 26, 1880, when the parties agreed that the partnership was to continue by Baker selling goods to Slobig at fixed prices; each to hold possession of the property in his possession subject to partnership equities. Slobig soon ceased to purchase from Baker and took Joseph

Young as a partner. The defendant refused to settle with Baker and render an account for copartnership property in his possession.

The bill prayed that Slobig be restrained from interfering with the partnership property, that an account be taken, and for further relief.

A preliminary injunction issued as prayed.

Defendant answered, denying every allegation of the bill, and the matter was referred to a master, who reported in favor of plaintiff for $1,340.57½.

The court modified this report by deducting the sum of $378.-18, upon the ground that the sum represented a demand which had been paid out of the partnership assets, and not out of the personal assets of Baker, and that, consequently, it should not be charged against his partner upon the accounting, and affirmed the report as modified.

Defendant appealed.

*J. F. Minogue, G. R. Kœrcher,* and *James Ryon,* for appellant.—The answer, being responsive to every proposition in the bill, is entitled to the weight assigned to it by the well-settled rule of evidence, that an answer responsive to the bill can only be overcome by testimony of two witnesses, or of one witness corroborated by circumstances elsewhere in evidence. Anonymous Case, 3 Atk. 270; Eaton's Appeal, 66 Pa. 483; Barclay's Appeal, 38 Phila. Leg. Int. 440; Burke's Appeal, 99 Pa. 350; Horton's Appeal, 13 Pa. 67; Pusey v. Wright, 31 Pa. 387; Story, Eq. Jur. § 1528.

There is no pretension on Baker's part that his partner, Slobig, was familiar with claims made known to Slobig for the first time after the dissolution of the firm. These transactions are concealments which equity will not tolerate. Brightly, Eq. Jur. p. 75; Abrahams v. Hunt, 26 Pa. 49; Story, Partn. § 172; Short v. Stevenson, 63 Pa. 97.

Can anyone possibly state the account between these partners, under the testimony in this case, with accuracy? The bill and answer are in direct conflict and denial with one another. The same is true of the testimony.

An unlawful concealment of the truth, or *suppressio veri,* when from it an injury arises to the opposite party, is a just cause for setting aside a contract in equity. Brightly, Eq. Jur.

p. 75; Abrahams v. Hunt, 26 Pa. 49; Story, Partn. § 172; Short v. Stevenson, 63 Pa. 97.

*Wm. A. Marr* and *John W. Ryon,* for appellee.—In Bradford's Appeal, 29 Pa. 513, it was held that a party cannot take his chances for a favorable finding of facts by an auditor, and, when the report is adverse, demand as a matter of right an issue. Sharp's Appeal, 3 Grant Cas. 260.

A party who testifies in conflict with his answer thereby overthrows his answer, destroys its effect, and prevents the application of the rule of equity. Spencer's Appeal, 80 Pa. 317.

The finding of facts by the master, supported by the court below, should have the same weight as the verdict of a jury, and cannot be set aside unless upon clear evidence of a plain mistake. Sproull's Appeal, 71 Pa. 137; Logue's Appeal, 104 Pa. 141.

Per Curiam:

In consequence of the manner in which the partnership accounts of the parties were kept, we fully assent to the correctness of the statement of the learned judge, "that it has been a laborious task to attempt to bring order out of the chaos; and the result arrived at must necessarily be somewhat unsatisfactory."

The case appears to have been carefully considered by the master and substantially confirmed by the court. After all the examination we have been able to give to the case, we are not able to discover any specific error in the decree as modified by the learned judge.

We cannot concur in opinion with the counsel for the appellant that the evidence is too obscure to justify any decree in favor of the appellee.

Decree affirmed and appeal dismissed, at the costs of the appellant.